1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MERCY SERVICES CORPORATION,

11              Plaintiff,                  No. 2:12-cv-1763 KJM GGH PS

12        vs.

13   DENISE WATSON,                         ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
14              Defendant.

15   _____/

16              This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

17   It was removed from state court on July 3, 2012.  On July 6, 2012, plaintiff filed a motion to

18   remand and for attorney's fees and costs.[1]  A district court has "a duty to establish subject matter

19   jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not."

20   United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see

21   also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th

22   Cir. 2003).  Having reviewed the notice of removal, the court finds that the action should be

23   remanded to state court due to lack of subject matter jurisdiction.

24   \\\\\

25   ────────────────────

26   [1]  The briefing of the motion seeks either sua sponte remand or in the alternative, remand
     and attorney's fees and costs.  (Dkt. no. 3 at 2:5-9.)

1  Removal jurisdiction statutes are strictly construed against removal.  See Libhart

2  v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

3  rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980

4  F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

5  invoking removal."  Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994),

6  overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969,

7  979 (9th Cir. 2012).

8  A plaintiff may bring suit in federal court if his claim "arises under" federal law.

9  28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A state court defendant

10  cannot invoke the federal court's original jurisdiction.  But he may in some instances invoke the

11  court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical

12  to those for invoking its original jurisdiction.  The requirements for both relate to the same end,

13  that is, federal jurisdiction.

14  Removal of a state court action is proper only if it originally could have been filed

15  in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by

16  removal, only those cases in which a well-pleaded complaint establishes either that federal law

17  creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

18  of a substantial question of federal law."  Franchise Tax Board v. Construction Laborers

19  Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal

20  law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

21  93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove

22  an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.

23  v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by

24  defendant on the basis that defendant's counterclaim raised a federal question).

25  Here, the exhibits attached to the removal petition establish that the state court

26  action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt.

No. 1, at pp. 6-12.)  This court has no jurisdiction over unlawful detainer actions which are strictly within the province of the state court.  Defendant's removal petition includes a section asserting federal question jurisdiction based on the allegation that the tenancy at issue is for a federally subsidized housing unit and that one defense arises under "EESA, a Federal statute wherein [defendant is] entitled to a 90-day notice of Eviction, yet plaintiffs Complaint states on its face that the 90 Day notice was not given."  (Dkt. no. 1 at 3.)  However, as discussed above, this defense cannot provide a sufficient basis to remove the action to federal court.  Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

Although plaintiff's motion for attorney's fees and costs should be considered based on an objectively reasonable standard for seeking removal; see 28 U.S.C. § 1447(c), Martin v. Franklin Capital Corp., 546 U.S. 132, 134, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); the court finds that in liberally construing defendant's notice of removal, this pro se litigant may have reasonably believed that federally subsidized housing or a defense arising under a federal statute could create federal question jurisdiction.  See OneWest Bank, FSB v. Mohr, 2010 WL 2721437, *3 (N.D. Cal. July 7, 2010) (finding that although it would be "readily apparent" to an attorney that there was no objectively reasonable basis for removal, defendant's notice of removal was filed without benefit of counsel, and declining to award attorney's fees).  Therefore, plaintiff's request for fees and costs should be denied.

Accordingly, IT IS ORDERED that: the hearing on plaintiff's motion to remand is VACATED from the calendar for August 9, 2012.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion to remand, filed July 6, 2012, be granted in part;

2.  Plaintiff's motion for attorney's fees and costs be denied;

3.  The action be remanded to the Superior Court of California, County of Yolo;

\\\\\

3

1    4.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

2  Superior Court of California, County of Yolo, and reference the state case number (YCSCCVUD

3  12-0000175) in the proof of service; and

4    5.  The Clerk be directed to close this case.

5    These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

7  fourteen (14) days after being served with these findings and recommendations, any party may

8  file written objections with the court and serve a copy on all parties.  Such a document should be

9  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

10 objections shall be served and filed within seven (7) days after service of the objections.  The

11 parties are advised that failure to file objections within the specified time may waive the right to

12 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: August 3, 2012

14

15                    /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE

16

17 GGH/076
   Mercy1763.rem.wpd

18

19

20

21

22

23

24

25

26