IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERCY SERVICES CORPORATION,

    Plaintiff,                    No. 2:12-cv-1763 KJM GGH PS

    vs.

DENISE WATSON,                  AMENDED ORDER AND
                                        FINDINGS AND RECOMMENDATIONS
    Defendant.

_____/

        On August 6, 2012, this court issued an order and findings and recommendations which contained an error corrected by this amended order and findings and recommendations. The opinion is repeated here with the appropriate changes.

        This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). It was removed from state court on July 3, 2012. On July 6, 2012, plaintiff filed a motion to remand and for attorney's fees and costs.[1] A district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th

---

[1] The briefing of the motion seeks either sua sponte remand or in the alternative, remand and attorney's fees and costs. (Dkt. no. 3 at 2:5-9.)

Cir. 2003). Having reviewed the notice of removal, the court finds that the action should be remanded to state court due to lack of subject matter jurisdiction.

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994), overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 979 (9th Cir. 2012).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A state court defendant cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by defendant on the basis that defendant's counterclaim raised a federal question).

Here, the exhibits attached to the removal petition establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt. No. 1, at pp. 6-12.)  This court has no jurisdiction over unlawful detainer actions which are strictly within the province of the state court.  Defendant's removal petition includes a section asserting federal question jurisdiction based on the allegation that the tenancy at issue is for a federally subsidized housing unit and that one defense arises under "EESA, a Federal statute wherein [defendant is] entitled to a 90-day notice of Eviction, yet plaintiffs Complaint states on its face that the 90 Day notice was not given."  (Dkt. no. 1 at 3.)  However, as discussed above, this defense cannot provide a sufficient basis to remove the action to federal court.  Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

Although plaintiff's motion for attorney's fees and costs should be considered based on an objectively reasonable standard for seeking removal; see 28 U.S.C. § 1447(c), Martin v. Franklin Capital Corp., 546 U.S. 132, 134, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); the court finds that in liberally construing defendant's notice of removal, this pro se litigant may have reasonably believed that federally subsidized housing or a defense arising under a federal statute could create federal question jurisdiction.  See OneWest Bank, FSB v. Mohr, 2010 WL 2721437, *3 (N.D. Cal. July 7, 2010) (finding that although it would be "readily apparent" to an attorney that there was no objectively reasonable basis for removal, defendant's notice of removal was filed without benefit of counsel, and declining to award attorney's fees).  Therefore, plaintiff's request for fees and costs should be denied.

Accordingly, IT IS ORDERED that: the hearing on plaintiff's motion to remand is VACATED from the calendar for August 9, 2012.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand, filed July 6, 2012, be granted in part;

2. Plaintiff's motion for attorney's fees and costs be denied;

3. The action be remanded to the Superior Court of California, County of Yuba;

4. The Clerk be directed to serve a certified copy of this order on the Clerk of the Superior Court of California, County of Yuba, and reference the state case number (YCSCCVUD 12-0000175) in the proof of service; and

5. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076
Mercy1763.rem.amdwpd